United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

N. H.,

Plaintiff,

v.

UNUM LIFE INSUANCE COMPANY OF AMERICA,

Defendant.

Case No. 26-cv-03197-NC

**ORDER GRANTING DEFENDANT'S CROSS-MOTION ON THE STANDARD OF REVIEW**

Re: ECF 43, 45

Before the Court are the parties' cross-motions to determine the applicable standard of review. ECF 43, 45. The Court finds that the abuse of discretion standard applies because the Plan granted Unum discretionary authority. There are no flagrant procedural ERISA violations that warrant applying *de novo* review. Accordingly, the Court GRANTS Unum's motion and DENIES N.H.'s cross motion.

## I. BACKGROUND

On January 10, 2026, N.H. appealed Unum's denial of her long term disability claim. On February 17, 2026, N.H. agreed to extend Unum's time to complete the review to March 5, 2026. AR 8060. On March 2, 2026, Unum requested another extension to March 22, 2026, "to complete a thorough, fair, and accurate appeal review" because N.H. had "submitted a significant amount of information in January 2026 and February 2026." *Id.* at 8069. The letter mentioned that the January 2026 information had not appeared in

N.H.'s appeal submission and Unum was proceeding with additional appeal physician reviews. *Id.* N.H. did not respond to the March 2, 2026, letter. On April 15, 2026, N.H. filed this action. ECF 1. On June 2, 2026, Unum sent N.H. a letter denying her appeal. AR 8444.

## II. LEGAL STANDARD

Under Section 502 of ERISA, a beneficiary or plan participant may sue in federal court "to recover benefits due to h[er] under the terms of his plan, to enforce h[er] rights under the terms of the plan, or to clarify h[er] rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). A claim of denial of benefits in an ERISA case "is to be reviewed under a *de novo* standard unless the benefit plan gives the [plan's] administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).

## III. DISCUSSION

### A. The Plan Grants Unum Discretionary Authority

For a policy to provide discretionary authority to a plan administrator, the policy must contain "language conferring authority on [the plan administrator] to determine eligibility, to construe the terms of the Plan, or to make final and binding determinations." *Sandy v. Reliance Standard Life Ins. Co.,* 222 F.3d 1202, 1205 (9th Cir. 2000). The policy must make clear that the plan administrator or fiduciary has "authority, power, or discretion to determine eligibility or to construe the terms of the Plan," or else the standard of review will be *de novo*. *Id.* Here, the Plan provides, in relevant part:

> The Plan . . . delegates to Unum and its affiliate Unum Group discretionary authority to make benefit determinations under the Plan . . . . include[ing] determining eligibility for benefits and the amount of any benefits, resolving factual disputes, and interpreting and enforcing the provisions of the plan. All benefit determinations must be reasonable and based on the terms of the Plan and the facts and circumstances of each claim.

AR 1117. The parties do not contest that the Plan gives Unum discretion. *See* ECF 43 at 5; ECF 45 at 14. Since the Court finds that the Plan confers discretionary authority to

Unum, the standard of review is abuse of discretion.

**B. Unum Exercised Its' Discretion**

N.H. argues that Unum's failure to provide an appeals decision within the time allotted by the Plan is tantamount to a deemed denial and should not be considered an exercise of discretion. So, N.H. contends the standard of review should be *de novo*. The Plan's appeal procedures provide, in relevant part:

> A decision on review will be made not later than 45 days following receipt of the written request for review. If Unum determines that special circumstances require an extension of time for a decision on review, the review period may be extended by an additional 45 days (90 days in total). Unum will notify you in writing if an additional 45 day extension is needed.

AR 1115. N.H. argues, and Unum does not dispute, that the Plan adopts ERISA's claim procedures, by stating that "[s]hould the plan fail to establish or follow ERISA required disability claims procedures, you may be entitled to pursue legal remedies under section 502(a) of [ERISA] without exhausting your administrative remedies. . . ." ECF 43 at 8 (quoting AR 1118); ECF 47 at 11. The regulations in turn state that "if the plan fails to strictly adhere to all the requirements of this section with respect to a claim" such that a claimant pursues remedies under section 502(a), "the claim or appeal is deemed denied on review without the exercise of discretion by an appropriate fiduciary." 29 C.F.R. § 2560.503-1(l)(2)(i).

N.H. relies heavily on *Jebian v. Hewlett-Packard Co. Emp. Benefits Org. Income Prot. Plan*, 349 F.3d 1098 (9th Cir. 2003), in which the plan failed to determine the claimant's appeal within the required time frame.[1] The plan language there provided that, if the administrator had not decided the appeal within a certain time, the appeal was "deemed denied." Given that language, the court held that "where, according to plan and regulatory language, a claim is 'deemed . . . denied' on review after the expiration of a

[1] N.H. also cites frequently to *Cogdell v. Reliance Standard Life Ins. Co.*, 169 F.4th 238 (4th Cir. 2026), but that is an out-of-circuit decision which is not binding on this Court. This Court must follow Ninth Circuit authority.

given time period, there is no opportunity for the exercise of discretion and the denial is usually to be reviewed *de novo*. While deference may be due to a plan administrator that is engaged in a good faith attempt to comply with its deadlines when they lapse, this is not such a case." *Id.* at 1103. Plaintiff argues the same result should follow here in light of Unum's failure to timely consider her appeal.

In *Gatti v. Reliance Stand. Life Ins. Co.*, 415 F.3d 978 (9th Cir. 2005), the Ninth Circuit narrowed its' holding in *Jebian*. The *Gatti* court held that "procedural violations of ERISA do not alter the standard of review unless those violations are so flagrant as to alter the substantive relationship between the employer and employee, thereby causing the beneficiary substantive harm." *Id.* at 985. That result was required because it would be inconsistent with the statutory structure and Ninth Circuit case law "to alter the standard of review on the basis of technical violations of ERISA's requirements." *Id.* (citation omitted); *see also P. Shores Hosp. v. United Behav. Health*, 764 F.3d 1030, 1040 (9th Cir. 2014) ("most procedural errors are not sufficiently severe to transform the abuse-of-discretion standard into a *de novo* standard.").

Applying *Gatti*, the Court finds that the facts at issue here do not mandate *de novo* review. N.H. argues that her claim should be deemed denied because it was not decided within the 90 day period, or by April 10, 2026. ECF 43 at 8. Unum argues the 90 day period expired on April 19, so Plaintiff filed suit before her administrative remedies were exhausted. Because Plaintiff agreed to extend the initial period to March 5, 2026, the Court agrees with Unum that the deadline would have extended to April 19. *See* ERISA Rules and Regulations for Administration and Enforcement; Claims Procedure, 65 Fed. Reg. 70,246, 70,250 n.21 (Nov. 21, 2000) ("The plan may take only the extensions described in the regulation . . . unless the claimant agrees to a further extension."). N.H.'s administrative remedies were not exhausted when she filed her lawsuit, so her claim is not "deemed denied" nor did Unum fail to exercise its' discretion.

Even if the Court found that N.H.'s agreed extension did not alter the timeline, such that her claim was "deemed denied," she has failed to demonstrate that she suffered harm

from Unum's delayed decision. *See Gorbacheva v. Abbott Lab'ys Extended Disability Plan*, 309 F. Supp. 3d 756, 767 (N.D. Cal. 2018), *aff'd*, 794 F. App'x 590 (9th Cir. 2019) ("[R]egardless of the parties' respective computations of the timeliness of the Plan Administrator's decision, Plaintiff has not identified any substantive harm resulting from Defendant's purportedly untimely decision that would justify deviating from the abuse of discretion standard of review."); *Dimery v. Reliance Standard Life Ins. Co.*, 597 Fed. Appx. 408, 409–10 (9th Cir. 2015) ("ERISA procedural violations do not alter the standard of review unless the violations cause the beneficiary substantive harm.").

Other courts have found that far more untimely appeal decisions did not warrant a departure from abuse of discretion review. *See Barnes v. AT & T Pension Ben. Plan–Nonbargaines Program*, No. 08-cv-4058-EMC, 2012 WL 1657054, at *11 (N.D. Cal. May 10, 2012), *aff'd sub nom. Barnes v. AT & T Pension Ben. Plan–Nonbargained Program*, 622 F. App'x 669 (9th Cir. 2015) ("Defendant Plan was late in deciding the initial claim by about 90 days and the appeal by about 40 days. It is hard to see how this kind of delay caused Mr. Barnes any substantive harm."); *Eric P. v. Directors Guild of Am.*, 411 F. Supp. 3d 992, 1000 (N.D. Cal. 2019) (finding a three-month delay in administrator's appeal decision subject to abuse of discretion review); *Otto v. Emp. Ret. Income Plan - Hourly W.*, No. 14-cv-05426-JAK, 2015 WL 12516690, at *16 (C.D. Cal. Mar. 13, 2015), *aff'd sub nom. Otto v. Emp. Ret. Income Plan*, 667 F. App'x 660 (9th Cir. 2016) ("Defendant's unexplained five-month delay in responding was a procedural violation, but it was not so egregious as to warrant the application of *de novo* review.") (citation omitted). Accordingly, the Court finds that Unum exercised its' discretion and any delay in its' decision was not so flagrant as to apply *de novo* review.[2]

[2] The Court notes that while the abuse of discretion standard of review applies, the parties agree that there is a structural conflict of interest because Unum both evaluates and pays claims. ECF 43 at 25; ECF 47 at 24. Such a conflict does "not alter[] the standard of review itself," but "is a factor to be considered in determining whether a plan administrator has abused its discretion." *Stephan v. Unum Life Ins. Co. of Am.*, 697 F.3d 917, 929 (9th Cir. 2012) (citing *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 108 (2008)).

### C. Unum's Other ERISA Procedural Violations are De Minimis

The regulations assert that "the administrative remedies available under a plan with respect to claims for disability benefits will not be deemed exhausted based on de minimis violations that do not cause, and are not likely to cause, prejudice or harm to the claimant so long as the plan demonstrates that the violation was for good cause or due to matters beyond the control of the plan and that the violation occurred in the context of an ongoing, good faith exchange of information between the plan and the claimant." § 2560.503-1(l)(2)(ii). The Ninth Circuit has held that "[w]hen an administrator can show that it has engaged in an ongoing, good faith exchange of information between the administrator and the claimant, the court should give the administrator's decision broad deference notwithstanding a minor irregularity." *Barnes*, 2012 WL 1657054, at *11 (quoting *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 972 (9th Cir. 2006)).

N.H. argues that Unum's other ERISA violations demonstrate that Unum "fail[ed] to strictly adhere to all the requirements," warranting a finding that no discretion was exercised. The Court considers each alleged violation in turn below.

#### *i. Special Circumstances*

The regulation provides that plan administrators shall notify claimants of an adverse benefit determination "not later than 90 days after receipt of the claim" unless "special circumstances require an extension of time for processing the claim." § 2560.503-1(i)(1)(i). Unum's March 2, 2026, letter specified that N.H. had submitted additional materials in January and February 2026 and it needed time to conduct a thorough and complete review. Unum had to send these additional documents to its reviewers to assess, which took more time. ECF 47 at 14–15. The Court finds that this further extension was supported by special circumstances. *See, e.g.*, *Eric P. v*, 411 F. Supp. 3d at 1000–01 (noting that even though the plan had additional medical evidence well before the deadline date, special circumstances arose when it needed to take additional steps to process the evidence).

The Court is not aware of, nor has N.H. cited to, authority suggesting that Unum

had to use specific language to indicate a special circumstance in its' letters. ECF 43 at 14–15. N.H's reliance on *Rodolff v. Provident Life & Accident Ins. Co.*, 256 F. Supp. 2d 1137, 1142–43 (S.D. Cal. 2003) is misplaced because there the plan only sent a notice requesting an extension well after the initial review period expired; here, Unum sent N.H. a notice before the initial period expired and she agreed to an extension. *Rodolff* does not discuss special circumstances. *Id.*

***ii. Appeal Reviews***

N.H. contends that Unum did not provide her with appeals reviews until April 17, 2026, when some were completed as soon as February 8. ECF 43 at 17. N.H. argues that the regulations require disclosure "as soon as possible and sufficiently in advance of the date on which the notice of adverse benefit determination on review is required to be provided . . . to give the claimant a reasonable opportunity to respond prior to that date." § 2560.503-1(h)(4)(i).

Unum provided N.H. the appeal reviews on April 17, 2026, and allowed her until May 4, 2026, to assess and respond. AR 8251. The Court finds this is sufficient time to review and respond to the additional reviews, and N.H. was not harmed as a result. N.H. cites to *Salomaa v. Honda Long Term Disability Plan*, 642 F.3d 666, 679–80 (9th Cir. 2011), but there the plan administrator had failed to provide the claimant with appeal reviews at any time. Such is not the case here.

***iii. June 2 Letter – Criteria Relied Upon***

N.H. argues the June 2 letter, which she does not concede is Unum's decision on review, failed to provide the criteria relied upon. ECF 43 at 13 n.5, 23. The letter states that Unum "relied up on the Long Term Disability policy" and included specific provisions including its' disability definition and how long each disability claim is paid. AR 8459–8461.

This seems sufficient to the Court, and N.H. has not cited any cases providing otherwise. *See* ECF 43 at 23. As with any delay in deciding the appeal, N.H. has similarly failed to show how she was harmed. If this is an ERISA violation, it is not "so flagrant as

to alter the substantive relationship between the employer and employee, thereby causing the beneficiary substantive harm." *Gatti*, 415 F.3d at 985. However, the Court notes that any procedural violations will be weighed as a factor in determining whether Unum abused its' discretion.

***iv. June 2 Letter – Information Submitted, New Decision Rationale, and Disagreements with Health Care Professionals***

N.H argues that Unum failed to consider all of the information she submitted, included a new rationale for denial in its' letter, and did not explain its' basis for disagreeing with her physicians. ECF 43 at 17–23. These issues are beyond the scope of determining the applicable standard of review. Instead, N.H. states disagreements with the plan's interpretation and application rather than "procedural violations." These arguments go to whether Unum abused its discretion, *i.e.*, whether Unum's "interpretation [to determine benefit eligibility or construe plan terms] is unreasonable." *Wit v. United Behav. Health*, 79 F.4th 1068, 1087 (9th Cir. 2023) (citation omitted).

Under a general abuse of discretion analysis, a district court would construe the terms of the underlying plan and scan the record for medical evidence supporting the plan administrator's decision to determine whether the administrator abused its discretion in denying benefits to a claimant. *See Montour v. The Hartford Life & Accident Ins. Co.*, 588 F.3d 623, 630 (9th Cir. 2009). At this juncture, the Court is only determining what standard of review applies. ECF 42 (Order re Joint Status Report noting cross-motions to determine standard of review). Accordingly, the Court defers consideration of these issues.

## IV. CONCLUSION

Accordingly, the Court GRANTS Unum's motion and DENIES N.H.'s cross motion. The Court finds that abuse of discretion is the correct standard to apply.

**IT IS SO ORDERED.**

Dated: November 20, 2026

NATHANAEL M. COUSINS
Chief United States Magistrate Judge